UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MANN LEWIS, JR.,

                 Petitioner,

                                      Case No. 2:04-CV-202

v.

                                      Hon. Richard Alan Enslen

LINDA METRISH,

                 Respondent.                             **<u>ORDER</u>**

_____/

       This matter is before the Court on Petitioner Mann Lewis, Jr.'s Objections to the Report and Recommendation of April 25, 2007.  Respondent has failed to timely respond to the Objections.  The Court now reviews the Objections, the Report and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

       Upon such review, the Court determines that the Report and Recommendation is substantially correct in that the record does not show **as to the bulk of the claims asserted** that Petitioner's constitutional rights to due process during a prison misconduct hearing were violated by prison officials.  Notwithstanding, the Court also finds that remand to the Magistrate Judge for additional findings and a possible evidentiary hearing is necessary on one issue pursuant to Western District of Michigan Local Civil Rule 72.3(b).  Petitioner asserted on page six of the original Petition that there was "an absence of available State corrective process . . .[,"] and included attachments with the Petition showing that the clerical staff for the Lansing Circuit Court, without consideration by a judge, had rejected his petition to challenge the misconduct finding under Michigan Compiled Laws § 791.255 because Petitioner was proceeding *in forma pauperis* and had a prior account balance as to a previous lawsuit so as to preclude suit under Michigan Compiled Laws §

600.2963(8). *See also Keenan v. Dep't of Corr.*, 644 N.W.2d 756 (Mich. 2002) (so interpreting state statute). Petitioner's assertion, as well as his claim in his Amended Petition, that he was "black listed from seeking redress . . . on account of petitioner's indigent status . . . [,]" Am. Pet. 3, are sufficient to raise the issue of whether Petitioner's First Amendment rights of access to the courts were denied by the state courts' rejection of his habeas challenges. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing cases). *See also Howard v. Whitbeck*, 382 F.3d 633, 640 (6th Cir. 2004).[1]   Due to such issue, the Court believes that some relief may be necessary, such as a conditional grant of habeas corpus (*i.e.,* vacation of the misconduct sentence unless the Michigan courts review Petitioner's state habeas challenge within a designated period). However, the Court acknowledges that remand is necessary for further hearing and findings in this matter before any relief might be afforded.

  **THEREFORE, IT IS HEREBY ORDERED** that Petitioner Mann Lewis, Jr.'s Objections (Dkt. No. 30) are **GRANTED IN PART** and **DENIED IN PART**.

  **IT IS FURTHER ORDERED** that this matter is **REMANDED** to United States Magistrate Judge Timothy P. Greeley for further proceedings and for the purpose of findings on Petitioner's First Amendment access to the courts claim.

  **IT IS FURTHER ORDERED**, due to the probability of an evidentiary hearing pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the United

---

[1]The *Howard* case allowed a facial challenge to this statute to continue, but held that an "as applied" challenge would be subject to dismissal under the *Rooker-Feldman* doctrine. It is arguable here that *Rooker-Feldman* has no application even to an "as applied" challenge because the Michigan judiciary itself has not reviewed the rejection of Petitioner's misconduct challenge.

States Public Defender for this District or his designated is **APPOINTED** as counsel for Petitioner

pursuant to 18 U.S.C. § 3006A.

|  | /s/ Richard Alan Enslen |
|---|---|
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| June 1, 2007 | SENIOR UNITED STATES DISTRICT JUDGE |